**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARRETT J. ZELEN, | No. 14-55657 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-06430-JFW-JEM |
| v. | |
| UNITED STATES OF AMERICA; et al., | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted September 13, 2016[**]

Before:     HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Garrett J. Zelen, an attorney, appeals pro se from the district court's order

dismissing Zelen's petition to quash an IRS summons for Zelen's bank records.

We have jurisdiction under 28 U.S.C. § 1291.  We review for clear error the

district court's decisions regarding a summons.  *United States v. Richey*, 632 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

559, 563 (9th Cir. 2011). We review de novo the scope of asserted privileges. *Id.* at 563-64 (attorney-client privilege and work product doctrine); *United States v. Bright*, 596 F.3d 683, 690 (9th Cir. 2010) (Fifth Amendment privilege). We affirm.

The district court did not clearly err in denying Zelen's petition to quash because the United States met its burden of establishing its prima facie case for enforcement of the IRS's summons, and Zelen failed to rebut that showing. *See United States v. Powell*, 379 U.S. 48, 57-58 (1964) (setting forth requirements for establishing a prima facie case for enforcement, and explaining that the burden is on the taxpayer to show an abuse of the process).

The district court properly concluded that the attorney-client privilege did not apply because "there is no confidentiality where a third party such as a bank either receives or generates the documents sought by the IRS." *Reiserer v. United States*, 479 F.3d 1160, 1165 (9th Cir. 2007). Contrary to his contention, Zelen failed to demonstrate that any exception applied. *See id.* (attorney-client privilege generally does not protect a client's identity or fee arrangements); *United States v. Blackman*, 72 F.3d 1418, 1424 (9th Cir. 1995) (limited exception to the attorney-client privilege exists "where disclosure would compromise confidential communications between attorney and client or constitute the 'last link' in an

14-55657

existing chain of evidence likely to lead to the client's indictment").

The district court properly concluded that the Fifth Amendment privilege did not apply because "the privilege protects a person only against being incriminated by his own compelled testimonial communications." *Fisher v. United States*, 425 U.S. 391, 409 (1976); *see also Bright*, 596 F.3d at 690 ("A claim of Fifth Amendment privilege may be asserted if there are substantial hazards of self-incrimination that are real and appreciable . . . ." (citations and internal quotation marks omitted)).

The district court properly concluded that the attorney work-product doctrine did not apply because the records sought were not created in anticipation of litigation. *See Richey*, 632 F.3d at 567 (outlining requirements for work-product protection).

We reject as unpersuasive Zelen's contentions that his bank records are protected from disclosure on other constitutional and state law grounds, and that possible future disclosure requires disqualification of the United States' attorneys in criminal matters affecting Zelen's clients.

Zelen's request for sanctions, set forth in his opening brief, is denied.

**AFFIRMED.**